IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER MELVIN,

  Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC,

  Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, WALTER MELVIN, sues the Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully allege the following:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant OCWEN LOAN SERVICING, LLC, in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, Sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

3. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

### PARTIES

4. Plaintiff, WALTER MELVIN, is and was at all material times a natural person over the age of eighteen (18), who reside in Clearwater, Pinellas County, Florida.

5.      Plaintiff WALTER MELVIN is the "called parties" with respect to the calls placed to his cellular telephone number, (xxx) xxx-5790, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

6.      Defendant OCWEN LOAN SERVICING, LLC, (hereafter "OCWEN") is and was at all material times a foreign limited liability company organized under the laws of the state of Delaware, and authorized to transact business in the state of Florida. OCWEN maintains a registered agent for service of process in Florida, and maintains its principal place of business at 1661 Worthington Road, Ste 100, West Palm Beach, FL 33409.

**PERSONAL JURISDICTION**

7.      This Court possesses specific personal jurisdiction over OCWEN as a result of its acts within this District that violated the TCPA and the FCCPA.

8.      OCWEN maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent and principal place of business in Florida, and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

9.      In addition, Plaintiff's injuries alleged in this action arise from OCWEN's mortgage loan servicing activities in Florida, and result from OCWEN's tortious conduct in performing said activities within Florida, in violation of the TCPA and the FCCPA within Florida. OCWEN directed its conduct to have intended effects within Florida.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant OCWEN sought to collect an alleged mortgage loan debt from Plaintiff that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by Section 559.55(6), Florida Statutes.

11. Prior to the initiation of phone calls to Plaintiff by Defendant, OCWEN, the Plaintiff took out a mortgage loan on property that he owned in Pinellas County, Florida, in the amount of approximately $201,600.00. Upon information and belief, at all times material hereto, Defendant OCWEN was the successor in interest to the original mortgage holder.

12. In 2014, a foreclosure action was filed with respect to the aforementioned property located in Pinellas County, Florida.

13. Documents containing Plaintiff's aforementioned cellular telephone number were filed in the foreclosure action.

14. In January of 2015, OCWEN began a campaign of autodialed calls ("robocalls") to Plaintiff's cellular telephone number, (xxx) xxx-5790, in an effort to collect the above described alleged mortgage loan debt.

15. Plaintiff WALTER MELVIN told Defendant OCWEN that the property was the subject of a lawsuit and demanded that the Defendant OCWEN stop calling him.

16. Despite Plaintiff WALTER MELVIN's unambiguous demand to stop calling, Defendant OCWEN proceeded undeterred in its campaign of robocalls to WALTER MELVIN's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding his instructions to cease placing such calls.

17. Defendant OCWEN intentionally harassed and abused Plaintiff WALTER MELVIN on numerous occasions by and through its agents and representatives, including but not limited to initiating several robocalls to Plaintiff WALTER MELVIN's cellular telephone during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

18. From approximately January of 2015 to March of 2017, Defendant OCWEN placed more than eighty (80) autodialed calls to Plaintiff WALTER MELVIN on his aforementioned cellular telephone number.

19. The telephone calls at issue were placed by Defendant OCWEN using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

20. That Defendant OCWEN used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a long pause of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and/or an automated telephone dialing system

21. Defendant OCWEN initiated each of the calls at issue to Plaintiff WALTER MELVIN's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. Alternatively, Defendant OCWEN initiated each of the calls at issue to Plaintiff WALTER MELVIN's aforementioned cellular telephone number subsequent to Plaintiff's

revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

23. Additionally, none of the telephone calls at issue were placed by Defendant OCWEN to Plaintiff WALTER MELVIN's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

24. Each of Defendant's unwanted robocalls occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to place outbound calls and creating a material safety risk by making the line unavailable for emergency use. Plaintiff considered Defendant's unwanted robocalls to be intrusive, annoying and an invasion of his privacy.

25. Defendant OCWEN consents to and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

26. Defendant OCWEN has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

27. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to Plaintiff WALTER MELVIN.

28. Despite actual knowledge of its wrongdoing, Defendant OCWEN continued the campaign of harassment and abuse.

29. Defendant OCWEN'S corporate policy is structured to continue to call individuals like the Plaintiff WALTER MELVIN despite these individuals' requests to stop calling.

30. Defendant OCWEN'S corporate policy provided no means for the Plaintiff WALTER MELVIN to have his number removed from the call list.

31. Defendant OCWEN followed its corporate policies when attempting to communicate with the Plaintiff WALTER MELVIN in an effort to collect the alleged debt described herein.

32. Defendant OCWEN has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff WALTER MELVIN.

33. During the four (4) year period prior to the filing of this Complaint, Defendant OCWEN placed approximately eighty (80) autodialed calls to Plaintiff on his aforementioned cellular telephone number.

34. Defendant OCWEN has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff WALTER MELVIN over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST OCWEN

35. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1 through 34, as if fully set forth herein.

36. None of the calls at issue were placed by Defendant OCWEN to Plaintiff WALTER MELVIN's aforementioned cellular telephone number with the "prior express consent" of Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

37. Furthermore, Plaintiff WALTER MELVIN revoked any "prior express consent" Defendant OCWEN had or mistakenly believed it had by verbally instructing Defendant on numerous occasions to stop placing calls to his aforementioned cellular telephone number.

38. Additionally, none of the calls at issue were placed by Defendant OCWEN to Plaintiff WALTER MELVIN's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

39. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to Plaintiff WALTER MELVIN, by repeatedly placing non-emergency calls to his aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

40. The TCPA provides Plaintiff WALTER MELVIN with a private right of action against Defendant OCWEN for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff WALTER MELVIN, respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST OCWEN

41. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 34, as if fully set forth herein.

42. At all times material to this action Defendant OCWEN was and is subject to and must abide by the laws of Florida, including Section 559.72, Florida Statutes.

43. Defendant OCWEN engaged in an act or omission prohibited under Section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

44. Defendant OCWEN engaged in an act or omission prohibited under Section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

45. Defendant OCWEN engaged in an act or omission prohibited under Section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

46. The actions of Defendant OCWEN have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by Section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
Richard D. Giglio, Esq.
Florida Bar No. 0128392
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920

           R.Giglio@ManeyGordon.com
           David@MitchellConsumerLaw.com
           Karin@MitchellConsumerLaw.com
           *Counsel for Plaintiffs*